UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2011 JAN -5 PM 2: 22
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | | |
|---|---|---|
| GENERAL PRODUCE, INC. | } | |
| Plaintiff | } | Civil Action Number |
| vs. | } | 6:11-cv-8-19 GJK |
| RAINDROP PRODUCE, INC.,<br>ALI HAMDAN, HASSAN HAMDAN and<br>H & H WHOLESALE PRODUCE, INC. | } | |
| Defendants | } | |

## COMPLAINT

For its complaint, Plaintiff respectfully states:

### A. THE PARTIES

1. Plaintiff is GENERAL PRODUCE, INC., a Georgia corporation located at State Farmers Market, 16 Forest Parkway, Forest Park, Georgia 30297.

2. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce, and is a dealer subject to, and licensed under the provisions of under the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA") as a dealer and commission merchant and its PACA License Number is 19185408.

3. Defendant RAINDROP PRODUCE, INC. is a Florida corporation in voluntary dissolution (as of November 16, 2010) with its principal place of business located at 808 W. Amelia Street, Orlando, Florida 32805 and is subject to the jurisdiction of this court. RAINDROP PRODUCE, INC. trades as RAINDROP PRODUCE.

4. RAINDROP PRODUCE, INC. d/b/a RAINDROP PRODUCE was at all times relevant to this action a dealer and commission merchant of wholesale quantities of perishable agricultural commodities and as such is subject to the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §499a-499q (the "PACA") and the regulations promulgated thereunder (hereinafter "PACA"). The PACA license number for RAINDROP PRODUCE is 19940336.

5. H & H WHOLESALE PRODUCE, INC. is a Florida corporation with its principal place of business located at 808 W. Amelia Street, Orlando, Florida 32805 and is subject to the jurisdiction of this court. H & H WHOLESALE PRODUCE, INC. trades as RAINDROP PRODUCE.

6. H & H WHOLESALE PRODUCE, INC. d/b/a RAINDROP PRODUCE was at all times relevant to this action a dealer and commission merchant of wholesale quantities of perishable agricultural commodities and as such is subject to the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §499a-499q (the "PACA") and the regulations promulgated thereunder (hereinafter "PACA").

7. Defendant ALI HAMDAN may be served at 808 W. Amelia Street, Orlando, Florida 32805 and is subject to the jurisdiction of this court.

8. Defendant ALI HAMDAN is the Registered Agent, Vice President and Director of RAINDROP PRODUCE, INC. during the relevant time period, was in a position to control the PACA trust assets of RAINDROP PRODUCE.

9. Defendant HASSAN HAMDAN resides at 7811 Thicket Lane, Orlando, Florida 32819 and maintains his office at 808 W. Amelia Street, Orlando, Florida 32805 and is subject to the jurisdiction of this court.

10. Defendant HASSAN HAMDAN was an officer and director of H & H WHOLESALE PRODUCE, INC. during the relevant time period, was in a position to control the PACA trust assets of RAINDROP PRODUCE.

11. The term "Defendants" will refer to all of the named parties. The term "Principals" will refer to ALI HAMDAN and HASSAN HAMDAN.

12. The Defendants are engaged in buying and selling fresh produce in wholesale lots.

13. The Defendants at all times pertinent herein, were dealers and commission merchants and subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA") as a dealers and commission merchants.

## B.   JURISDICTION AND VENUE

14. The District Court has jurisdiction pursuant to 28 U.S.C. §1331 because the cause of action arises arising under §5(c)(4) of the PACA: 7 U.S.C. §499e(c)(4) and 7 U.S.C. 499e(c)(5)(i). The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a).

15. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## C.   GENERAL ALLEGATIONS AND FACTUAL BASIS

16. On September 22, 2010 HASSAN HAMDAN registered H & H WHOLESALE PRODUCE, INC. with the Florida Secretary of State as trading under the fictitious trade name RAINDROP PRODUCE.

17. On October 5, 2010 H & H WHOLESALE PRODUCE, INC. to be registered with the City of Orlando as trading under the fictitious name RAINDROP PRODUCE at 808 W. Amelia Street in the same premises as RAINDROP PRODUCE, INC. trades under the same fictitious name.

18. This action is brought to enforce the trust provisions of Section 5 of PACA, 7 U.S.C. §499e(c).

19. Between June 13, 2010 and November 5, 2010 Plaintiff sold to Defendants in interstate commerce, and Defendants purchased from Plaintiff, produce in accordance with the invoices referred to in the Affidavit of RANDY LINEBERGER attached hereto as Exhibit "A" and incorporated herein by reference.

20. Plaintiff delivered the produce to Defendants and Defendants accepted the produce from Plaintiff.

21. Defendants failed to pay for this produce despite Plaintiff's repeated demands.

22. Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is a beneficiary of a statutory trust *res* designed as a fund from which it can be assured payment.

23. Pursuant to PACA 7 U.S.C. §499e(c), at the time of Defendants' receipt of the Produce, Plaintiff became beneficiary in the PACA trust in the amount of the unpaid balance $27,898.00. The PACA trust assets consist of all Defendants' produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of the Defendants since the creation of the trust ("PACA Trust Assets").

24. Plaintiff gave written notices of intent to preserve trust benefits to Defendants in accordance with the PACA Amendments of 1995 by including the

statutory trust language, as set forth in 7 U.S.C. §499e(c)(4) on each of its invoices and sending those invoices to the Defendants, see Exhibit "A".

25. Plaintiff is a creditor, supplier and seller of Produce as those terms are defined under the PACA and within the meaning of 7 U.S.C. §499e(c).

### D. CLAIMS FOR RELIEF

### COUNT I.
### ENFORCEMENT OF THE PACA TRUST
### 7 U.S.C. §499e(c)

26. Plaintiff re-alleges paragraphs 1 through 25 as if restated herein.

27. Defendants are in possession, custody and control of PACA trust assets for the benefit of Plaintiff.

28. Defendants failed to pay Plaintiff from the PACA trust assets for the shipments of Produce shown in Exhibit "A".

29. Defendants failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as the Plaintiff's unpaid claims asserted in this action.

30. As a direct result of Defendants' failure to properly protect the PACA trust assets from dissipation, Plaintiff suffered damages which are covered under the PACA trust in the amount of $27,898.00, plus interest from the date each invoice became past due.

31. Plaintiff seeks the entry of an Order directing Defendants to immediately turn over to the Plaintiff, as beneficiary of this trust, an amount of the PACA trust *res* equal to the sum of $27,898.00, plus interest, costs and attorneys fees.

## COUNT II.
### FOR VIOLATION OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT: FAILURE TO PAY PROMPTLY AND TO MAINTAIN TRUST ASSETS
### 7 U.S.C. §499b(4) and 7 U.S.C. §499e(c)(2)

32. Plaintiff re-alleges paragraphs 1 through 31 as if restated herein.

33. Defendants received each of the shipments of Produce identified in Exhibit "A".

34. Defendants failed to pay these invoices within payment terms.

35. As a direct result of Defendants' failure to pay for each invoice within terms, the Plaintiff has incurred damages in the amount of $27,898.00.

36. PACA requires all commission merchants, dealers, or brokers, who, during the course of a transaction, receive produce, inventories of food or other products derived from produce, and any receivables or proceeds from the sale of receivables, to hold such produce, products, or receivables in trust for the benefit of the unpaid supplier until payment for the transaction has been made to the unpaid supplier in full.

37. Defendants have failed to maintain sufficient trust assets to fully satisfy all qualified PACA trust claims such as Plaintiff's unpaid claims asserted in this action.

38. As a direct result of Defendants' failure to properly maintain and protect the PACA trust assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the amount of $27,898.00, plus interest from the date each invoice became past due, and attorneys fees.

39. Plaintiff seeks entry of an Order directing Defendants to immediately turnover to the Plaintiff, as beneficiary of this trust, or to an escrow agent designated by the Court, an amount of the PACA trust *res* equal to the sum of $27,898.00, so as to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims, plus interest, attorneys' fees and costs.

## COUNT III
### AS TO DEFENDANTS ALI HAMDAN and HASSAN HAMDAN - BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

40. Plaintiff re-alleges paragraphs 1 through 39 as if restated herein.

41. At all times relevant to this action, Defendants ALI HAMDAN and HASSAN HAMDAN were officers, directors and shareholders of RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC. both of which trade as RAINDROP PRODUCE. The individual Defendants are responsibly

connected to RAINDROP PRODUCE within the meaning of 7 U.S.C. §499a(b)(9) of PACA.

42. The Principals controlled, or had a duty to control the operations and financial dealings of RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC., including those involving the PACA trust assets. The Principals had full knowledge and responsibility for the handling of the duties of RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC. as trustees of the PACA trust.

43. As officers, directors and shareholders of RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC. the Principals had a duty to ensure that RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC. fulfilled their duty as PACA trustees and maintained the trust assets in such a manner as to ensure there were, at all times, sufficient trusts assets to satisfy all outstanding PACA trust obligations such as that owed to Plaintiff.

44. RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC. breached their fiduciary duty to maintain sufficient PACA trust assets to pay all PACA trust claims.

45. The Principals breached their fiduciary duty to direct RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC. to fulfill their statutory trustee duties to preserve and maintain sufficient PACA trust assets to

pay Plaintiff for the produce it supplied to RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC.

46. The Principals continue to hold any and all PACA Trust assets having come into their possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

47. The Principals are jointly and severally personally liable to Plaintiff for their breach of fiduciary duty in dissipating the PACA trust to the extent of $27,898.00, plus interest, costs and attorney's fees.

48. Accordingly, the Plaintiff seeks entry of an Order directing the Principals to pay the sum of $27,898.00, less any monies Plaintiff receives from the PACA trust, plus interest, costs and attorney's fees, to be satisfied from the individual Principals' personal assets.

## COUNT IV
## PRINCIPALS' CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

49. Plaintiff re-alleges paragraphs 1 through 48 as if stated herein.

50. Upon information and belief, Principals converted PACA trust assets to their personal use.

51. These transfers of PACA Trust Assets were made in breach of the PACA trust.

52. The Principals continue to hold any and all PACA Trust Assets having come into their individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

53. As a direct result of the Principals' receipt and retention of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $27,898.00, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

54. Accordingly, Plaintiff seeks entry of an Order requiring the Principals, jointly and severally to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $27,898.00, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT V
## PLAINTIFF'S CLAIM FOR
## INTEREST AND ATTORNEYS FEES
## AS TO ALL DEFENDANTS

55. Plaintiff re-alleges paragraphs 1 through 54 as if stated herein.

56. Pursuant to PACA, 7 U.S.C. 499e(c), Defendants were statutorily required to maintain a trust in favor of the Plaintiff in order to take full payment to Plaintiff of said amount.

57. As a result of the failure of the Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys fees and costs to bring this action to compel payment of the trust *res*.

58. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. 499e(c) if Plaintiff must expend funds for attorneys fees and costs, and also lose interest on the outstanding amounts owed due to Defendants failure to make prompt payment as required by PACA.

59. Plaintiff is entitled to recover interest at the rate of 1.5% per month and attorneys fees and costs under the terms of the contract between the parties as set out on the face of the invoices.

60. Plaintiff is entitled to recover its attorneys fees and expenses of litigation pursuant to the terms of the contract between the parties as set out on the face of the invoices.

**Wherefore, Plaintiff prays:**

A) That it have the judgment of this court against the Defendants jointly and severally in the principal amount of $27,898.00 as a PACA trust obligation together with interest at the rate of 1.5% per month from November 5, 2010 and the costs of this action.

B) That it have the judgment of this court against all Defendants on Count V, as a PACA trust obligation for its reasonable attorneys fees and litigation expenses;

C) That the judgment as to all Defendants provide for post-judgment interest at the rate of 1.5% per month in accordance with the contract between the parties;

D) That an order enter declaring RAINDROP PRODUCE, INC. and H & H WHOLESALE PRODUCE, INC., and the Principals to be holding the above described PACA trust assets as Trustees for the sole and exclusive benefit of Plaintiff;

E) That an order enter directing the Defendants to immediately assign, transfer, deliver and turn over to Plaintiff, or its designated escrow agent, all of the above described PACA trust assets sufficient to allow liquidation of such assets to the extent necessary to replenish the PACA trust to a sufficient level to satisfy any and all qualified PACA trust claims, including interest attorneys fees and litigation expenses;

E) That an order enter requiring the Defendants to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $27,898.00, plus interest at the rate of 1.5% per month from the

date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

F) That Plaintiff have such other relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted this 30 day of December, 2010.

THE MOULTON FIRM

By: _____
J. Wayne Moulton
Georgia State Bar Number 527200
Attorney for

925 Railroad Street
Conyers, Georgia 30012
(770) 483-4406
FAX (770) 388-9201
wayne@moultonfirm.com

WATKINS LAW FIRM, PA

By: _____
Allan C. Watkins
FBN 185104
Attorney for Plaintiff

Tampa Theater Bldg - Suite 750
707 N Franklin St
Tampa, FL 33602
813/226-2215
FAX 813/226-2038 (fax)
watkinslaw@worldnet.att.net

14